UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANTOINE HOPKINS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )  No. 1:24-cv-00824-TWP-MG |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**Order Providing *Castro* Notice and Ordering Petitioner to Show Cause
Why § 2255 Motion Should Proceed Despite its Untimeliness**

This matter is before the Court to provide Notice to Defendant Antoine Hopkins ("Hopkins"), required by *Castro v. United States,* 540 U.S. 375, 383 (2003). On May 6, 2024, Hopkins filed a motion to preserve 18 U.S.C. § 922(g) issue in his closed criminal case. *See United States v. Hopkins*, 1:21-cr-227-TWP-MJD-1, ("Cr. Dkt.") dkt. 46. The Court construed the motion as a motion under 28 U.S.C. § 2255 and opened this civil action. *Id.*, dkt. 47. In this Order, the Court provides Hopkins with the notice required by *Castro*, and orders Hopkins to show cause why his § 2255 motion should not be dismissed despite being untimely.

**I. *Castro* Notice**

A court may grant relief from a federal conviction or sentence pursuant to 28 U.S.C. § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." "[A]ny paper asking for the relief provided by § 2255 ¶ 1 *is* a motion under § 2255, without regard to its caption or other details." *Ellzey v. United States,* 324 F.3d 521, 524 (7th Cir. 2003)

(citing cases). The Court determined that the Hopkins motion seeks relief within the scope of § 2255. That document has been processed accordingly.

Because the petitioner's post-judgment motion in his criminal case was treated as a § 2255 motion, he is entitled to notice of the treatment and notice that his ability to file any subsequent motion under § 2255 is restricted. He must also be afforded the opportunity to withdraw or amend the motion to include all § 2255 claims which he believes he has. *Castro v. United States,* 540 U.S. 375, 383 (2003). This is because a petitioner seeking relief pursuant to § 2255 must set forth all claims and grounds on which he or she seeks relief. If he does not do so, he will likely not be able to bring those claims in a future § 2255 motion. *See Jones v. Hendrix*, 599 U.S. 465, 469 (2023) ("[S]ince the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), second or successive § 2255 motions are barred unless they rely on either 'newly discovered evidence,' § 2255(h)(1), or 'a new rule of constitutional law,' § 2255(h)").

This Order provides Hopkins with his notice of the treatment of his post-judgment filing and his opportunity to withdraw or amend the motion. He shall have **through June 17, 2024**, in which to: (1) **file an amended motion** which contains a complete statement of the claims and grounds on which he could and does challenge his conviction, and/or sentence; (2) **withdraw** the motion, or (3) **notify** the Court that the filing of May 6, 2024, does constitute a complete statement of the claims and grounds on which he could and does challenge his conviction and/or sentence. Hopkins is reminded that a § 2255 motion, among other things, must be "signed under penalty of perjury by the movant or by a person authorized to sign it for the movant." Rule 2(b)(5) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

If he does not take one of these steps by June 17, 2024, the motion will be treated as a § 2255 motion. The **clerk shall include** a form § 2255 motion with the petitioner's copy of this Order.

## II. Untimeliness of Motion

The Court notes that, in his motion, Hopkins seeks to "preserve a right to challenge the constitutionality of his 18 U.S.C. § 922(g)(1) conviction and sentence." Dkt. 2 at 1. But there is no provision in § 2255 for "preserving" claims. There is, however, a one-year statute of limitations for filing a § 2255 petition. 28 U.S.C. § 2255(f). Section 2255 provides that the one-year limitation period is triggered by the latest of four events:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Final judgment was issued in Hopkins's criminal case on September 12, 2022. Cr. Dkt. 39. Hopkins did not appeal, so his conviction became final on the last day he could have filed a timely notice of appeal, September 26, 2022. *See* Fed. R. App. P. 4(b)(1)(a). Hopkins did not file his letter until more than a year and a half later. The motion is therefore untimely under § 2255(f)(1). While Hopkins seeks to preserve a claim that he believes the Supreme Court will decide sometime in the future, the applicable statute of limitations provides one year to file a motion after "the date on which the right asserted was initially recognized by the Supreme Court, if that right is newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). There is no provision for pre-filing a claim in anticipation of a

Supreme Court decision. Without such a provision, and because Hopkins does not invoke the other circumstances in which the statute of limitations may begin later than the date on which his conviction became final, his motion appears to be untimely.

Therefore, Hopkins will have **through June 17, 2024**, to also show cause why his § 2255 motion should be considered despite its untimeliness.

### III. Conclusion

As discussed above, Hopkins has **through June 17, 2024**, to respond to the Court's *Castro* Notice and to show why this action should proceed even though it is untimely.

If he does not respond to the *Castro* Notice and the Court's order regarding the statute of limitations, by **June 17, 2024**, the motion will be dismissed as untimely. The **clerk shall include** a form § 2255 motion with the petitioner's copy of this Order.

**IT IS SO ORDERED.**

Date: 5/20/2024

_____
Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

ANTOINE HOPKINS
16611-028
BECKLEY - FCI
BECKLEY FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 350
BEAVER, WV 25813